UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Robin Syms

    v.                                          Civil No. 10-cv-499-JD
                                                Opinion No. 2011 DNH 138

Michael J. Astrue, Commissioner,
Social Security Administration


O R D E R

Robin Syms moves for reconsideration of the court's order that affirmed the decision of the Commissioner of the Social Security Administration. In support of her motion, Syms contends that the court misapprehended the scope of the issue she asserted pertaining to the Administrative Law Judge's ("ALJ") Step Two findings and that the court erred in not reversing the decision based on the ALJ's analysis of Syms's subjective complaints.[1] The Commissioner objects to the motion for reconsideration.


Standard of Review

In general, "motions for reconsideration are appropriate only in a limited number of circumstances. . . ." United States

---

[1] The ALJ follows a five-step sequential analysis for determining whether an applicant is disabled. 20 C.F.R. § 404.1520.

v. Allen, 573 F.3d 42, 53 (1st Cir. 2009).  "A court appropriately may grant a motion for reconsideration where the movant shows a manifest error of law or newly discovered evidence" or when "the court has patently misunderstood a party or has made an error not of reasoning but apprehension."  Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 81-82 (1st Cir. 2008) (internal quotation marks omitted).  "Motions for reconsideration are not to be used as 'a vehicle for a party to undo its own procedural failures [or] allow a party to advance arguments that could and should have been presented to the district court" in support of the party's original motion.  Allen, 573 F.3d at 53 (quoting Iverson v. City of Boston, 452 F.3d 94, 104 (1st Cir. 2006)).

## Discussion

Syms contends that the court's decision constitutes a manifest error of law and was based on a misapprehension of the issue Syms raised.  Specifically, Syms states that the ALJ failed to consider the limitations she experienced due to depression which caused the ALJ's decision not to be supported by substantial evidence.  Syms also argues that the ALJ improperly assessed her subjective complaints.

A. <u>Step Two</u>

As is explained in the order, an error at Step Two will result in reversible error only if the ALJ concluded the decision at Step Two, finding no severe impairment.[2] See <u>Delia v. Comm'r of Social Security</u>, 2011 WL 2748622, at *1 (11th Cir. July 14, 2011); <u>Carpenter v. Astrue</u>, 537 F.3d 1264, 1266 (10th Cir. 2008); <u>Burch v. Barnhart</u>, 400 F.3d 676, 682 (9th Cir. 2005); <u>Twitchell v. Soc. Sec. Admin. Comm'r</u>, 2011 WL 2692960, at *9 (D. Me. July 8, 2011). If instead the ALJ continued through the remaining steps and considered all of the claimant's impairments in making those additional findings, any error at Step Two is harmless. See <u>Lewis v. Astrue</u>, 498 F.3d 909, 911 (9th Cir. 2007); <u>Maziarz v. Sec'y of Health & Human Servs.</u>, 837 F.2d 240, 244 (6th Cir. 1987); <u>Foley v. Astrue</u>, 2011 WL 2610186, at *2 (D. Me. June 30, 2011); <u>Williams v. Astrue</u>, 2011 WL 2115904, at *6 (E.D. Ark. May 26, 2011); <u>Cook v. Astrue</u>, 2011 WL 2490996, at *4 (W.D.N.Y. May 24, 2011); <u>Paschall v. Astrue</u>, 2011 WL 1750757, at *7 (E.D.N.C. May 6, 2011); <u>Portorreal v. Astrue</u>, 2008 WL 4681636, at *4

---

[2]At Step Two of the sequential analysis, an applicant for social security benefits must show "that [s]he has a medically severe impairment or combination of impairments." <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146 n.5 (1987). The purpose of Step Two is "to do no more than screen out groundless claims." <u>McDonald v. Sec'y of Health & Human Servs.</u>, 795 F.2d 1118, 1124 (1st Cir. 1986).

3

(D.R.I. Oct. 21, 2008). In contrast, a decision will be reversed if an ALJ errs by omitting a severe impairment at Step Two and then also fails to consider the effects of that impairment in the following steps, leaving the decision without substantial support in the record. See, e.g., Resendes v. Astrue, --- F. Supp. 2d ---, 2011 WL 669090, at *12, (D. Mass. Feb. 17, 2011).

In this case, the ALJ continued through the remaining steps of the sequential analysis. Therefore, the omission at Step Two, standing alone, does not require reversal.

B. Consideration of Additional Limitations

Syms also argues that the ALJ did not properly consider the impact of her depression at Step Five because the hypothetical question posed to the vocational expert did not include a limitation for Syms's impaired ability to sustain attention and effort. In particular, Syms asserts that the ALJ should have included a limitation for routine tasks. Syms further contends that because the ALJ relied on Dr. Toye's opinion, the ALJ erred in taking limitations from Dr. Stenslie's opinion.

As the Commissioner notes, Dr. Stenslie's opinion was based on Dr. Toye's opinion. Dr. Toye limited Syms to being able to complete routine tasks over time. Dr. Stenslie interpreted Dr.

Toye's opinion to mean that Syms would work at a slower than usual pace but within what is reasonable in a job setting.

Dr. Stenslie's slower pace limitation was included in the ALJ's first hypothetical question to the vocational expert.  The vocational expert stated that Syms had transferable skills from her previous work as a licensed practical nurse which allowed her to understand medical terms, take vital signs, use blood pressure cuffs, and possibly draw blood.  The vocational expert responded to the first hypothetical question by stating that such a person could not work as a licensed practical nurse.  The ALJ then asked the vocational expert whether other jobs existed that such a person could do, without considering her transferable skills.  The vocational expert responded that she could work as a typist keyer, a housekeeper, and an information clerk without using her transferable skills and that she might use transferable skills in a job as a personal attendant and provided the number of jobs available in the regional and national economies.

The ALJ also asked a hypothetical question that included a limitation to routine and repetitive tasks of a simple nature.  The vocational expert explained that a limitation to routine and repetitive tasks corresponded to jobs with a Specific Vocational Preparation ("SVP") score of 2 or less.  The vocational expert

had previously testified that the jobs of housekeeper and information clerk had SVP scores of 2.

In her decision, the ALJ relied on the vocational expert's opinion of the jobs Syms could do without the limitation for routine and repetitive work to find that Syms was not disabled. If the ALJ erred in failing to find that Syms was limited to routine and repetitive work, however, the error was harmless because the vocational expert's opinion provided substantial evidence that Syms could work as a housekeeper or information clerk, which were included in the jobs the ALJ found Syms could do. See, e.g., Colon v. Comm'r of Social Security, 411 Fed. Appx. 236, 239 (11th Cir. 2011) (errors that do not affect the outcome are harmless); Sitsler v. Astrue, 410 Fed. Appx. 112, 119 (10th Cir. 2011); Putnam v. Astrue, 2011 WL 3320518, at *5 (D.N.H. Aug. 1, 2011); cf. Allaire v. Astrue, 2009 WL 3336107, at *7 (D.N.H. Oct. 13, 2009) (failure to include limitations in hypothetical not harmless).

Therefore, the ALJ properly relied on the vocational expert's opinions in finding at Step Five that work existed that Syms could do, even if Syms were limited to routine tasks.

C.  Subjective Symptoms

Syms contends that the ALJ erred in assessing her subjective symptoms by unfairly citing only certain daily activities and by failing to consider the side effects of her medications. The record does not support Syms's interpretation of the ALJ's decision. As is explained in the prior order, the ALJ considered the effects of Syms's medications and her physical abilities and properly assessed her credibility with respect to her subjective symptoms.

## Conclusion

For the foregoing reasons, the claimant's motion for reconsideration (document no. 15) is denied.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

September 8, 2011

cc: Raymond J. Kelly, Esquire
    Gretchen Leah Witt, Esquire